FILED & ENTERED

OCT 26 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>C.M. Meiers Company, Inc.<br><br><br>Debtor(s).<br>_____<br>Bradley D Sharp<br><br>Plaintiff(s),<br><br>v.<br><br>Evanston Insurance<br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  1:12-bk-10229-MT<br>Adv No:   1:14-ap-01042-MT<br><br><br><br><br>**FINDINGS AND EVIDENTIARY RULINGS FOR THE SUBMISSION OF UNDISPUTED FACTS IN SUPPORT OF CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br><br>Date:         September 13, 2016<br>Time:        11:00 a.m.<br>Courtroom:  302 |

On September 13, 2016, a hearing was held on Plaintiff Bradley D. Sharp ("Plaintiff") and Defendant Evanston Insurance Company's ("Defendant") cross motions for summary judgment in the above-reference adversary proceeding.  Both parties submitted proposed statements of undisputed facts, and factual and evidentiary

objections to the opposing parties' submissions. At that hearing, the Court considered oral argument from both parties as to the admissibility of each fact. While some matters were resolved at the hearing, others were taken under submission by the Court. The Court thereafter requested each party to provide updated statements of undisputed facts in accordance with the Court's rulings at the hearing.

The Court hereby adopts the attached exhibits as the Findings of Fact considered in the ruling on the cross motions for summary judgment. Plaintiff's Submission of Undisputed Facts is attached as Exhibit A. Defendant's Submission of Undisputed Facts is attached as Exhibit B. The exhibits include the Court's rulings on both factual disputes and evidentiary objections.

###

Date: October 26, 2016

Maureen A. Tighe
United States Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## FACTS SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **1.** | Before filing for bankruptcy on January 9, 2012,  [*In re C.M. Meiers Company, Inc.,* 1:12-bk-10229- MT , ECF Docket No. 1] C.M. Meiers was owned and controlled by Defendants Herbert Rothman (CEO and 89% owner  and director),  Rebecca Rothman ( officer and director) and their adult son, Eric Rothman (Vice President and 11% owner and director) (collectively, the "Rothman Parties"). | Request for Judicial Notice ("RJN") 7; Omnibus Declaration of Eric Rothman in Support of Debtor's Emergency Motions et etc. , filed in  C.M. Meiers bankruptcy case, case no. 1:12-bk-10229-MT [ECF Doc. #11] p.2: ¶¶ 2-3. | Undisputed | Overruled | |
| **2.** | C.M. Meiers had been in business since 1939, and had over 50 employees working for the firm.  C.M. Meiers offered commercial insurance, personal insurance, health and life insurance, special programs, high net worth insurance and entertainment insurance.  C.M. Meiers had satellite offices in Torrance, California and Dallas, Texas. | *Id.* at p.2: ¶ 4. | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **3.** | Prior to its bankruptcy, C.M. Meiers acted both as an insurance broker and as an agent for insurance carriers ("carriers"). | *Id.* at p. 3-4: ¶ 7. | Undisputed | Admitted | |
| **4.** | C.M. Meiers acted as an agent for approximately 18 carriers and as a broker for approximately 162 carriers. | *Id.* at p. 3-4: ¶ 7. | Undisputed | Admitted | |
| **5.** | In circumstances in which it was acting as broker, C.M. Meiers sold an insurance product and billed the client for the premium. C.M. Meiers delivered the policy to the client, obtained the premium payment from the client and sent the premium, less the commission to the carrier. | *Id.* at p. 3-4: ¶ 7. | Undisputed | Admitted | |
| **6.** | Where C.M. Meiers acted as agent, it was authorized to issue a binder on behalf of the carrier. | *Id.* at p. 3-4: ¶ 7. | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 7. | Depending on the policy, some of these policies were directly billed by the carrier, which paid C.M. Meiers its commission at a later date, while for others, C.M. Meiers billed the client and collected all premiums due. In such case C.M. Meiers  was to deposit the collected funds into C.M. Meiers' trust account (the "Trust Account") to pay the Carrier the premium and retain its commission. | *Id.* at p. 3-4: ¶ 7. | Undisputed | Admitted | |
| 8. | C.M. Meiers solicited business and transacted the sale of insurance policies either through the efforts of its owner/director/officers ("House Accounts") or through independent contractors and two employees (collectively referred to by C.M. Meiers as the "Producers"). | *Id.* at p. 4-5: ¶ 8-11. | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **9.** | The Producers were contracted to solicit insurance on behalf of themselves, which C.M. Meiers agreed to write pursuant to the Carrier Agreements in which case C.M. Meiers acted as the broker or agent of record. | *Id.* at p. 4-5: ¶ 8-11. | | Admitted | |
| **10.** | C.M. Meiers would receive a percentage of the commission generated by the Producers and would receive the entire commission for all policies generated as House Accounts. | *Id.* at p. 4-5: ¶ 8-11. | Undisputed | Admitted | |
| **11.** | C.M. Meiers billed the client and collected all premiums due, and was to deposit the collected funds into C.M. Meiers' trust account (the "Trust Account") to pay the carrier the premium and retain its commission. | *Id.* at p. 3-5: ¶ 6-11. | | Admitted | |
| **12.** | The Trust Account is a required statutory trust account pursuant to California Insurance Code §§ 1733, 1734 and 1734.5 and its use is restricted as set forth in the Insurance Code. | *Id.* at p. 7-9: ¶ 20; RJN 8; California Insurance Code §§ 1733, 1734 and 1734.5 [Ex. 13]. | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **13.** | The Trust Account was to consist entirely of premiums due to insurance carriers for policies sold by C.M. Meiers and commissions due to C.M. Meiers (including the share of the commission due to each CMM Producer). | *Id.* | Undisputed | Admitted | |
| **14.** | Throughout any given month, C.M.Meiers would withdraw money from the Trust Account to pay commissions, or to remit client premiums, less commissions to the carriers. | RJN 7 at pp. 7-9: ¶ 20. | Undisputed | Admitted | |
| **15.** | In or around November 2011, the ~~Rothman Parties first became aware that there was an issue with the administration of the~~ C.M. Meiers Trust Account was out of Trust. ~~.~~ a. Evidence: RJN 7; [1] | Evidence: RJN 7; See also, Declaration of Bradley D. Sharp ("Sharp Dec.") ¶ 20; RJN 10, Supplemental Declaration of Eric Held. | Essex: Undisputed for the purposes of this motion that the Trust Account was "out of trust" by at least November 2011. | Admitted as modified | Not established when Rothman's first became aware of issue with the trust account. |

---

[1] This Fact was modified to meet the position by Essex that the Trust Account was "out of trust" by least November 2011.

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **16.** | On November 3, 2011, Herbert Rothman, Eric Rothman and Rebecca Rothman paid to the order of C.M. Meiers checks and cashier checks totaling $272,032.40, which were deposited into the C.M. Meiers Trust Account. | *Id.* | Undisputed | | Not established why the Rothman's deposited funds into the trust account. [i] |
| **17.** | The money was paid to C.M. Meiers to cover payments that needed to be made from the Trust Account because theTrust Account was "out of trust." | *Id.* | Disputed | | Not established why the Rothman's deposited funds into the trust account. |
| **18.** | At the time it was estimated that C.M. Meiers may have been out of Trust by as much as $ 1.2 million. | *Id.* | Undisputed | Overruled: Admitted | |
| **19.** | The "out of trust" situation was created due to the failure of the Rothman Parties, as directors and officers of C.M. Meiers, to supervise and administer the business affairs of the Debtor, including their failure to properly account for and audit the Trust Account to insure that the Trust Account would not become "out of trust". | Evidence: *Id*; See also, Sharp Dec. ¶ 20. | Disputed | | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **20.** | The administration and management of an Insurance Trust Account is not simple, and is not merely a matter of taking in money and making payments as in the case of an Attorney's trust account. | RJN 11; Declaration of Sanford Michelson submitted in support of the Debtor's Opposition To Motion For Appointment of Chapter 11 Trustee, filed in C.M. Meiers Bankruptcy Case No. 1:12-bk-10229-MT [ECF Doc. #47]. | Disputed | Overruled: Admitted | Goes to weight of Michelson Declaration |
| **21.** | On January 9, 2012, C.M. Meiers filed its Chapter 11 petition. | RJN 12; C.M. Meiers Bankruptcy Petition Case No. 1:12-bk-10229-MT [ECF Doc. #1]. | Undisputed | Admitted | |
| **22.** | Shortly thereafter, Mr. Sharp was appointed the Chapter 11 Trustee. | RJN 13; Motion and Orders re Appointment of Bradley D. Sharp as chapter 11 trustee, Case No. 1:12-bk-10229-MT [ECF Doc. #66, 74]. | Undisputed | Admitted | |
| **23.** | As of January 25, 2012, the Debtor's books and records disclose that C.M. Meiers  had a "net payable" to various insurance companies in the amount of $1,085,659.14. | RJN 10; Supplemental Declaration of Eric Held. | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 24. | As of January 25, 2012, C.M. Meiers' Trust Account had an account balance of $11,783.20 and was "out of trust" by an amount in excess of $1 million.  The out of trust has been determined to be the approximate amount of $1.2 million. | RJN 10, 16; Declaration of Bradley D. Sharp ¶ 15. | Undisputed | Admitted | |
| 25. | As a direct and proximate cause of the Rothman Parties breach of fiduciary duty in the administration of the C.M. Meiers trust account, C.M. Meiers was damaged in an amount in excess of $4 million. | Bradley D. Sharp Declaration ¶¶21-23. | Disputed | | |
| | **Essex's Insurance Policy** | | | | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **26.** | Essex issued its Insurance Agents and Brokers Errors and Omissions Liability Insurance Policy, Policy No. AB-351400, to C.M. Meiers and others for the June 1, 2011 to June 1, 2012 Policy Period ("the Essex E & O Policy"). | See, Complaint for Declaratory Relief filed in this action, Adv. No. 2:14-ap-01042-MT [ECF Doc. 1]. | Undisputed | Admitted | |
| **27.** | Subject to a $25,000 per Claim Deductible applicable only to Damages, the Policy has $5,000,000 per Claim and $5,000,000 aggregate Limits of Liability. | *Id.* | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|--------|-------------------|---------------------|--------------------------------------|------------------------------------------|-------------------|
| **28.** | The Policy's Insuring Agreement provides: A. Errors and Omissions Coverage: The Company shall pay on behalf of the Insured all sums in excess of the Deductible stated in Item 5 a & b of the Declarations which the Insured shall become legally obligated to pay as Damages as a result of a Claim first made against the Insured and reported to the Company during the Policy Period, Automatic Reporting Period, or Optional Extended Reporting Period, if exercised, by reason of a Wrongful Act or Personal Injury in the performance of Professional Services rendered or that should be been rendered by the Insured or by any other person or organization for whose Wrongful Act or Personal Injury happens during the Policy Period or on or after the Retroactive Date stated in Item 6 of the Declarations and before the end of the Policy Period. | *Id.* | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **29.** | The term "Professional Services" is defined in the Policy and means the following services rendered for others: 1. Insurance Wholesaler; 2. Insurance Managing General Agent; 3. Insurance General Agent; 4. Insurance Underwriting Manager; 5. Insurance Program Administrator; 6. Insurance Agent; 7. Insurance Broker; 8. Insurance Surplus Lines Broker; 9. Insurance Consultant: 10. Insurance Claims Administrator; 11. Insurance Appraiser; 12. Insurance Premium Financier; 13. Notary Public; and 14. Life and/or Health Agent or Broker. 15. Lecturer, speaker, instructor or teacher at any Insurance convention or at any other meeting or course where approved Department of Insurance continuing education credits may be earned. 16. Expert witness concerning any Insurance related subject. | *Id.* | Undisputed | Policy Speaks for Itself<br><br>Policy Is Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 30. | Markel Service, Incorporated is the claim service manager for Essex Insurance Company, including in regard to the matter underlying this litigation. . MSI is a separate entity solely owned by Essex, and is charged with responsibility for administration of Essex's claims | Fisher Depo. Tr:16:16-17. | Undisputed as modified | Admitted as modified by the Parties | |
| 31. | Mr. Glenn Fischer is employed by Markel Service, Incorporated, as a manager of the Claims Examiner Department. | Fisher Depo. Tr: 3:9-16. | Undisputed | Admitted | |
| 32. | MSI makes all claim decisions on behalf of Essex. MSI was responsible for making the ultimate coverage decision in regard to the matter underlying this litigation. | Fisher Depo. Tr: 18:2-14. | | Admitted as modified by the Parties | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **33.** | Mr. Fischer is an attorney at law, licensed to practice in the State of Illinois.He was first admitted to practice law in the State of Illinois in 1994. He went to John Marshall Law School in Chicago, Illinois. Prior to joining Markel Services as a claim administrator, Mr. Fischer was employed by the law firms Querrey & Harrow, Ltd. (1994–1996) and Seidman Law Offices (1996-2003) principally focusing his practice on insurance defense and insurance coverage interpretations and lawsuits. | Fisher Depo. Tr: p. 6-7: 9-22, Depo. Ex. 2. | Disputed | Admitted as modified by the Parties | |
| **34.** | Between 2002-2005 Mr. Fischer was employed by the American Bar Association,. again focusing on insurance issues. | *Id.* | Disputed | Admitted as modified by the Parties | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 35. | ~~In 2005 Mr. Fischer joined MSI as the claims administrator in the "miscellaneous professional liability unit, managing a team of six examiners who handle professional liability claims of various different kinds for several different product lines, including insurance brokerage claims.~~ Glenn Fischer's position with Markel Service, Incorporated involved managing a team of claim examiners handling professional liability claims, including product lines for insurance agents and brokers. | Fisher Depo. Tr: p. 16:8-21. | Disputed but undisputed fact admitted as modified | Admitted as modified by the Parties | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 36. | ~~Mr. Fischer is the claims administrator primarily responsible for the handling of the claim that is the subject of this litigation. Mr. Fischer made all final decisions regarding the handling of the claim, including having made the decision to deny a defense and coverage for the claims asserted by the Trustee in the Trustee's Action.~~ Glenn Fischer authorized issuing the October 4, 2012 letter from Essex's counsel, Waxler Carner Brodsky, LLP , denying coverage for the matter underlying this litigation. | Fisher Depo. Tr: p. 43-44:14-14. | Disputed but undisputed fact admitted as modified | Admitted as modified by the Parties | |
| 37. | On or about April 19, 2012, the Trustee filed his Complaint In Intervention against Rothman Parties (Sharp v. Herbert Rothman, et al., adversary case no. 1:12-ap-01118 MT) . The complaint was amended  (the "FAC") on or about July 12, 2012. | Evidence: RFJN Ex. 1. | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 38. | The FAC alleges claims against all or some of the Rothmans for, among other things, breach of fiduciary duty based on the shortfall in the trust account and in administering the business affairs of CMM on its own behalf and on behalf of others (claim # 3). | RFJN; Ex. 1. | Undisputed | Overruled-Admitted | Accurate Summary |
| 39. | On or about August 20, 2012, the Rothman's through their counsel, Lawrence M. Jacobson, tendered defense of the Complaint and the FAC to Essex. | Emily Lukes Deposition Transcript, ("Lukes Depo. Tr.") Ex. 2; [ESS000674-ESS000747]. | Undisputed | Admitted | |
| 40. | The Essex determination of its coverage position was initially addressed by claim administrator, Cathy Daly.   Ms. Daly is not a lawyer. | Deposition of Cathy Daly, Tr: p. 25:7-25. | Disputed | Overruled | |
| 41. | Ms. Daly had no bankruptcy law experience. | Daly, Tr: p. 15:14-21. | Disputed | Sustained | Immaterial |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 42. | Ms. Daly's coverage review was limited to a review of the insured's attorney, Lawrence Jacobson's letter tendering defense of the Trustee's complaint, a review of the policy, a review of the allegations of the First Amended Complaint, and a brief conversation with Mr. Jacobson and a conversation with Mr. Fischer. | Daly, Tr: p. 13-16:2-19; Depo. Ex. 2, | Disputed | | |
| 43. | Ms. Daly did not do any legal research regarding the claim. | Daly Depo. Tr. 22:1-8; 25:7-15] | Undisputed | Objection: Overruled\n\nAdmitted | Objection is just a supplementary fact |
| 44. | Essex's investigation of the claim, through Ms. Daly was limited to her review of the complaint, review of the policy and a conversation with her supervisor, Mr. Fischer. She did not: (i) call or discuss the claims with the insureds; (ii) call or discuss the claim with the Trustee; (iii) Request any documents from the insureds; (iv) Request any documents from the Trustee. | Id. | Disputed | Objection Overruled | Limited Materiality |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **45.** | On or about October 4, 2012 Essex issued its opinion letter denying the Rothmans a defense and denying coverage based upon the claim's manager's conclusion that the acts alleged in the FAC, including those claims regarding mismanagement of the insurance trust account, were not covered by the Policy's insuring provisions. Essex based upon its assertion that the administration of an insurance brokers trust account was not a "professional service" as defined by the Policy. | Evidence: Gabriel Decl. Lukes Depo. Ex. 3 [ESS000748-758]. | Disputed | Letter speaks for itself – Overruled | |
| **46.** | Essex also cited a number of other reasons for declining a defense and coverage, including but not limited that the Trustee was excluded from coverage as a representative of the insured, C.M. Meiers, Inc. | *Id.* | Disputed / Overruled and considered undisputed | Overruled Letter is admitted | Accurate characterization: |
| **47.** | Essex's declined to provide a defense and coverage for the claims asserted ~~without reserving its rights~~. | *Id.* | Disputed / Overruled and considered with strikeout | Letter is admitted | Accurate characterization: Letter speaks for itself |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **48.** | Essex's coverage letter invited the insureds to provide additional information regarding the claim and provided: "Essex will consider any additional information that you may have concerning the coverage afforded under the Policy." | *Id.* p. 11 [ESS000758] | Undisputed | Admitted | Accurate characterization/ Letter speaks for itself |
| **49.** | On or about August 24, 2013 Essex, by its claims examiner, Emily Lukes, received a copy of the Trustee's First Amended Complaint from the Trustee's attorney, Larry Gabriel. | Lukes Depo. Tr. Ex. 4; [ESS000307-310]; Ex. 5, [ESS312-348] | Undisputed | Admitted | |
| **50.** | On or about September 11, 2013, counsel for the Trustee wrote to Essex's coverage counsel a letter expressing his opinion that the coverage position previously taken by Essex's was unjustified as a matter of law requesting that Essex reconsider its coverage decision. | Lukes Depo. Tr. Ex. 6; [ESS000281-287] | Undisputed | Admitted | Accurate characterization/ Letter speaks for itself |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 51. | On or about September 13, 2013, counsel for the Trustee again wrote to Essex's coverage counsel a letter setting forth additional support and argument for the Trustee's reason as to why coverage must be provided to the insured's, and expressing his opinion that the coverage position previously taken by Essex was unjustified as a matter of law. | | Undisputed | Overruled Admitted | Accurate characterization

Entire Letter will be considered |
| 52. | The letters quoted language relevant to the issue that the administration of an insurance broker's trust account was a professional service. The letter also noted that a Maryland State court decision, *Utica Mut. Ins. Co. v. Miller,* 130 Md. App. 373, 389, 746 A.2d 935, 944 (2000) ("Utica") which referred to a California Ninth Circuit decision, *Bank of California N.A. v. Opie,* 663 F.2d 977, 981 (9th Cir. 1981) as support for its decision. | *Id.* | Undisputed | Overruled | Accurate characterization |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 53. | ~~When presented with authority supporting the insureds' position that the administration of an insurance brokers trust account is a "professional service", Mr. Fischer did not read the case authority and merely skimmed the letter from Trustee's counsel that presented the argument as to why coverage was appropriate.~~ Mr. Fischer testified: Q.  Okay, Did you, yourself, review the *Utica* case? A.  I did not. Q.  Why not? A.  No reason to. | Fischer Depo. Tr. 52:2-13; 60:1-28. | Disputed, but undisputed portion considered | Admitted as modified by the parties | |
| 54. | On or about September 13, 2013, the Trustee and the Rothman Parties attended an all-day mediation of the Trustee's claims before the Honorable  Dickran Tevrizian (Ret.) | Gabriel Dec. | Undisputed | Admitted | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 55. | ~~Essex was aware of the settlement discussions and mediation that took place in September 2014 but intentionally chose not to attend based upon their coverage position.~~ Ms. Lukes testified:<br><br>**Q.** Okay. So notwithstanding that you got all this information and there was settlement negotiations going on, based on your initial determination and your discussions with your supervisor and coverage counsel, you felt no obligation to participate in the settlement or attempt to settle this case; is that correct:<br><br>**A.** I believe at the time that this letter was sent, it was sent the day of mediation, and I recall it being a very short window of time in which we were advised of – that a mediation would take place. And during that short period of time after evaluating and discussing, we made the determination to stand by he prior disclaimer and not participate. | Lukes Depo. Tr. P. 89:1-15. | Disputed/ Undisputed portion considered. | Admitted as modified | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 56. | The mediation resulted in a settlement of the claims between the Trustee and the Rothman Parties (Herbert Rothman, Eric Rothman and Rebecca Rothman), pursuant to which the Rothman Parties agree to resolve the Trustee's claims for $4.3 million. | Evidence: RFJN Ex 5. | Undisputed | Admitted | |
| 57. | As provided for in the Settlement Agreement, the Rothman Parties agreed to assign their rights and claims as the same may exist against Essex Insurance Company in rejecting coverage and for its failure to provide a defense to the Rothman Parties for the claims presented in the FAC, including the claims for mismanagement of the Debtor's Trust Account, which claims the Trustee believes to be in excess of $ 4 million. | *Id.* | Undisputed that the mediation took place and settlement entered into. | Objection: Opinion\n\nOverruled | Trustee's belief, not for truth of matter asserted. |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 58. | In addition, the Rothmans agreed to subordinate their $1.6 million unsecured claims to those of the estate's general unsecured creditors.  In turn, the Trustee agreed that (i) Herbert Rothman shall have an allowed administrative claim of $14,000.00; (ii) Eric Rothman shall have an allowed administrative claim of $14,000.00; and (iii) Wen-Er. LLC shall have an allowed administrative claim of $8,790 for post-petition taxes, insurance and association fees due under the lease between Wen-Er LLC and the Debtor, subject to a credit for any such post-petition taxes, insurance and/or association fees paid by the Trustee or the estate. | *Id.* | Undisputed | Overruled | Accurate summary |
| 59. | On or about October 30, 2013, Essex responded to the Trustee's counsel's letters of September 11, 2013 and September 13, 2013, reiterating Essex's position that given the facts alleged in the FAC, no coverage would be afforded to the insureds. | Lukes Depo. Tr. Ex. 9: [ESS000219-234] | Undisputed | Overruled | Accurate summary, Letter speaks for itself. |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 60. | On or about November 27, 2013, Trustee's counsel sent another letter to Essex's counsel. | Lukes Depo. Tr. Ex. 10: [ESS000213-218] | Letter is undisputed | Overruled | |
| 61. | ~~Essex dismiss out of hand, the settlement offer by the Trustee as presented in the letter of November 27, 2013.~~ Regarding the letter of November 27, 2013. Mr. Fischer testified:   Q.  It's a letter dated November 27, 2013. Its Bates stamped commencing 213 through 217 …. In which the trustee authorized to make a settlement demand of 3.5 million dollars. And in the letter it again reviews the coverage position taken by you and your company.   **A.** Uh-huh.   Q.  And our rejection of that position and the reasons for it.  Did you review this letter in or around November 27, 2013?   A. I don't recall. | Fischer Depo: 92:4-16. | Testimony Undisputed

Considered | Overruled | |
| 62. | Mr. Fischer further testified:   Q.  Okay. And say that you rejected this settlement demand?   A. We had a position of no coverage. | Fischer Depo: 92-4-16 | Testimony

Undisputed | Overruled | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 63. | Ms. Lukes testified:<br>Q. You'll see on the page that's Bates-stamped 216 that there was a settlement demand of $3.5 million. Do you see that?<br>A. Yes.<br>Q. Okay. What, if anything, did you do about that demand?<br>A. Reviewed in the context of your letter. Discussed it with coverage counsel and my supervisor.<br>Q. Okay. And what was the determination?<br>A. To not respond to the demand.<br>Q. Why not?<br>A. Because of our coverage defenses as outlined in the original disclaimer letter and supplemental disclaimer letter. | Lukes Depo: 99:4-18. | Testimony<br><br>Undisputed | Overruled | |
| | **The Court's Findings of Fact and Conclusions of Law Expressed in the Court's Memorandum of Decision (Trustee's Request for Judicial Notice, Ex. 29) as presented in *C.M. Meiers Co., Inc. v. Essex Ins. Co.*, 527 B.R. 388 (2015) ("*C.M.Meiers*")** | RFJN, Ex. 29 [2] | | | |

---

[2] In its tentative the Court sustained the objection to the findings of the MOD as presented in *C.M.Meiers.* The Court noted that the "Trustee's characterization of the 3/20/15 memo of Decisions not needed; memo in record; this is also not a fact." However, during argument the Trustee noted that the findings and conclusions presented in the MOD as formalized in the Court' published decision, *C.M. Meiers*, represents either the law of the case, or issue preclusion and the Court's findings of fact

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 64. | The Court issued its Memorandum Decision pertaining to the Trustee's original Motion for Summary Judgment on March 20, 2015. | RFJN; Ex. 29, Memorandum Decision. | Undisputed | Overruled<br><br>See discussion in Memorandum | |
| 65. | Essex was given notice of the complaint, the mediation, and the possibility of the existence of a potential for coverage. | RFJN; Ex 29, Memorandum Decision, p. 3:5-6. | Undisputed | Overruled<br><br>See discussion in Memorandum | |
| 66. | Essex was aware of, and the third party lawsuit plead facts giving rise to the potential for coverage under the insuring agreement. | RFJN; Ex 29, Memorandum Decision, p. 3:5-6. | Undisputed | Overruled<br><br>See discussion in Memorandum | |
| 67. | After the Rothmans tendered the Trustee's claims to Essex for defense and for coverage, ~~Essex denied coverage, without a reservation of rights~~. | RFJN; Ex 29, Memorandum Decision, p. 3:24-25. | Undisputed | Overruled<br><br>See discussion in Memorandum | |
| 68. | The pertinent policy provisions of the Essex issued Policy to CMM, Inc. for the June 1, 2011 through June 1, 2012 Policy Period. | RFJN; Ex 29, Memorandum Decision, p. 3:26-27. | Undisputed | Overruled<br><br>See discussion in Memorandum | |

represent the foundation for the Trustee's pending motion.  The rulings on the statements contained in the MOD were then taken under submission.

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 69. | With respect to "Professional Services," the Policy's Insuring Agreement provides that Essex: shall pay on behalf of the Insured all sums in excess of the Deductible … which the Insured shall become legally obligated to pay as Damages as a result of a Claim first made against the Insured and reported to the Company during the Policy Period, Automatic Extended Reporting Period, or Optional Extended Reporting Period, if exercised, by reason of a Wrongful Act or Personal Injury in the performance of Professional Services rendered or that should have been rendered by the Insured or by any other person or organization for whose Wrongful Act or Personal Injury the Insured is legally responsible… [ (Policy Insuring Agreement A.)] (Emphasis Added) | RFJN; Ex 29. Memorandum Decision p. 4:1-9. | | Overruled  See discussion in Memorandum | |
| 70. | "Wrongful Act" is defined to mean "any act, error or omission in Professional Services." [Policy Definitions N.] | RFJN; Ex 29. Memorandum Decision p. 4:10-11. | | Overruled  See discussion in Memorandum | |

- 29

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **71.** | Policy Definitions K then describes "Professional Services" in pertinent part to mean "the following services rendered for others: 1. Insurance Wholesaler; 2. Insurance Managing General Agent; 3. Insurance General Agent; 4. Insurance Underwriting Manager; 5. Insurance Program Administrator; 6. Insurance Agent; 7. Insurance Broker; 8. Insurance Surplus Lines Broker; 9. Insurance Consultant;…." [ (Policy Definitions K.) | RFJN; Ex 29. Memorandum Decision p. 4:12-20. | | Overruled<br><br>See discussion in Memorandum | |
| **72.** | Administration of an Insurance Trust Account is a Professional Service (Emphasis added) | RFJN; Ex 29. Memorandum Decision p. 4:21. | | Overruled<br><br>See discussion in Memorandum | |
| **73.** | Essex denied coverage before conducting an investigation as to whether the Rothmans collectively or individually committed the alleged acts. (Emphasis added) | RFJN; Ex 29. Memorandum Decision p. 9-10:28-2. | | Overruled<br><br>See discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **74.** | The maintenance of an insurance trust account is a professional service and the Trustee has shown that one of the claims in the FAC potentially falls within policy coverage. Based on the language of the policy, none of the exceptions in the Policy apply to the Rothmans and therefore, Essex had a duty to defend the Rothmans against the Trustee. | RFJN; Ex 29. Memorandum Decision p. 13:11-13. | | Overruled<br><br>See discussion in Memorandum | |
| **75.** | There are no genuine issues of material fact as to whether Essex had a duty to defend the Rothmans under the Policy. It did. | RFJN; Ex 29. Memorandum Decision p. 13:14-15. | | Overruled<br><br>See discussion in Memorandum | |
| **76.** | Essex did not defend where at least some allegations and ultimate liability came under the scope of the policy. | RFJN; Ex 29. Memorandum Decision p. 13:14-15. | | Overruled<br><br>See discussion in Memorandum | |
| **77.** | Once Essex failed to defend the Rothmans, it breached the terms of the Policy. | RFJN; Ex 29. Memorandum Decision p. 13:14-15. | | Overruled<br><br>See discussion in Memorandum | |
| **78.** | Essex was given notice of the complaint, the mediation, and the possibility of the existence of a potential for coverage. Thus, Essex was aware of, and the third party lawsuit plead facts giving rise to the potential for coverage under the insuring agreement. | RFJN; Ex 29. Memorandum Decision p. 3:3-7. | | Overruled<br><br>See discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 79. | After the Rothmans tendered the Trustee's claims to Essex for defense and for coverage, Essex denied coverage~~ without a reservation of rights~~. [Memorandum Decision, p. 3:24-25] | RFJN; Ex 29. Memorandum Decision p. 3:24-25. | Disputed<br><br>Essex objects that a portion of this purported "fact" is repeated in purported fact No. 67. | Overruled<br><br>See discussion in Memorandum | |
| 80. | Maintaining a trust account is a statutorily required professional service for an insurance agent and broker. California Insurance Code §1733 et seq. reads in pertinent part: "[a]ll funds received by any person acting as a licensee … as premium or return premium on or under any policy of insurance or undertaking of bail, are received and held by that person in his or her fiduciary capacity. Thus, California Insurance Code §1733 imposes a fiduciary obligation creating a special risk inherent in the practice of the profession. | RFJN; Ex 29. Memorandum Decision p. 6:6-9. | | Overruled<br><br>See discussion in Memorandum | |
| 81. | Essex denied coverage because it determined that the administration of the trust account is just accounting and not a professional service. | RFJN; Ex 29. Memorandum Decision p. 7:20-21. | | Overruled<br><br>See discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 82. | Based on the language of the policy, the administration of a trust account is an identified professional service for others and conforms to the nature of the business, the plain meaning of the policy, and the reasonable expectations of the insured. | RFJN; Ex 29. Memorandum Decision p. 7:21-23. | | Overruled<br><br>See discussion in Memorandum | |
| 83. | The maintenance of an insurance trust account is a professional service as defined in the policy. | RFJN; Ex 29. Memorandum Decision p. 7:25-26. | | Overruled<br><br>See discussion in Memorandum | |
| 84. | The Trustee's complaint alleged mismanagement as well as stealing. | RFJN; Ex 29. Memorandum Decision p. 7:13. | | Overruled<br><br>See discussion in Memorandum | |
| 85. | Essex erroneously relied on the Trustee's allegations of intentional looting and fraud and ignored other allegations and possible explanations for the trust account problems. | RFJN; Ex 29. Memorandum Decision p. 8:21-22. | | Overruled<br><br>See discussion in Memorandum | |
| 86. | California law is clear that an insurer needs to compare the allegations in the complaint with the terms of the policy. | RFJN; Ex 29. Memorandum Decision p. 8:21-22. | | Overruled<br><br>See discussion in Memorandum | |
| 87. | Based on the language of the policy, Essex should have defended the Rothmans for the alleged mismanagement of the Trust Account that was potentially covered. | RFJN; Ex 29. Memorandum Decision p. 8:22-23. | | Overruled<br><br>See discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 88. | The Trustee's allegation of mismanagement of the trust falls within Essex's scope of coverage and a duty to defend was triggered. | RFJN; Ex 29. Memorandum Decision p. 9:3-5. | | Overruled<br><br>See discussion in Memorandum | |
| 89. | Essex denied coverage before conducting an investigation as to whether the Rothmans collectively or individually committed the alleged acts. | Evidence: RFJN Ex. 29, Memorandum Decision, p. 9-10:28-2. | | Overruled<br><br>See discussion in Memorandum | |
| 90. | In this case, it is possible that the out of trust situation was due to unintentional or negligent mismanagement of the trust account and does not necessarily mean that there was a failure to pay. | RFJN; Ex 2. Memorandum Decision p. 11:2-3. | | Overruled<br><br>See discussion in Memorandum | |
| 91. | The alleged breach of a fiduciary duty in the complaint may be satisfied by proof of negligent conduct without any evidence of or logical correlation to a willful scheme to defraud. | RFJN; Ex 29. Memorandum Decision p. 13:5-6. | | Overruled<br><br>See discussion in Memorandum | |
| 92. | No finding was ever made that the Trustee's allegations of willful looting were true. | RFJN Ex. 29, Memorandum Decision, p. 13:6-9 | | Overruled<br><br>See discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 93. | This exclusion is not applicable at this point because the Trustee has already settled his claims against the Rothmans and there have been no findings that the Rothmans caused a loss by any willful acts. | RFJN; Ex 29. Memorandum Decision p. 13:6-9. | | Overruled\n\nSee discussion in Memorandum | |
| 94. | The failure to participate in the action against the Rothmans precludes revisiting that question (whether the Rothmans caused a loss by any willful acts). [Id.] (Emphasis added) | RFJN; Ex 29. Memorandum Decision p. 13:6-9. | | Overruled\n\nSee discussion in Memorandum | |
| 95. | The maintenance of an insurance trust account is a professional service and the Trustee has shown that one of the claims in the FAC potentially falls within policy coverage. | RFJN; Ex 29. Memorandum Decision p. 13:11-12. | | Overruled\n\nSee discussion in Memorandum | |
| 96. | Based on the language of the policy, none of the exceptions in the Policy apply to the Rothmans and therefore, Essex had a duty to defend the Rothmans against the Trustee. | RFJN; Ex 29. Memorandum Decision p. 13:12-13. | | Overruled\n\nSee discussion in Memorandum | |
| 97. | There are no genuine issues of material fact as to whether Essex had a duty to defend the Rothmans under the Policy. It did. | RFJN; Ex 29. Memorandum Decision p. 13:14-15. | | Overruled\n\nSee discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 98. | Where an insurer does not investigate the claim, the insurer will not be able to establish that the claim cannot fall within policy coverage. | RFJN; Ex 29. Memorandum Decision p. 13:21-22. | | Overruled<br><br>See discussion in Memorandum | |
| 99. | Essex did not defend where at least some allegations and ultimate liability came under the scope of the policy. | RFJN; Ex 29. Memorandum Decision p. 13:26-27. | | Overruled<br><br>See discussion in Memorandum | |
| 100. | Thus, once Essex failed to defend the Rothmans, it breached the terms of the Policy. | RFJN; Ex 29. Memorandum Decision p. 13:26-27. | | Overruled<br><br>See discussion in Memorandum | |
| 101. | Where an insured was sued for liability covered under the policy but the insurer refused to defend, the insured has the right to make any reasonable and bona fide compromise of the action against them and is generally entitled to recover from the insurer, in addition to the amount paid for the reasonable compromise, any reasonable attorney's fees incurred in defense of the action. | RFJN; Ex 29. Memorandum Decision p. 14:23-26. | | Overruled<br><br>See discussion in Memorandum | |
| 102. | The settlement between the Rothmans and the Trustee is presumptive evidence of the Rothmans liability and the amount of such liability. | RFJN; Ex 29. Memorandum Decision p. 15:5-9. | | Overruled<br><br>See discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **103.** | Essex took the risk and waived its right to explore the claims when it denied coverage. (Emphasis added) | RFJN; Ex 29. Memorandum Decision p. 15:5-9. | | Overruled<br><br>See discussion in Memorandum | |
| **104.** | Essex was given the opportunity to object and participate in the negotiations but it declined to do so. | RFJN; Ex 29. Memorandum Decision p. 15:5-9. | | Overruled<br><br>See discussion in Memorandum | |
| **105.** | Essex cannot now dispute the reasonableness of the settlement amount. | RFJN; Ex 29. Memorandum Decision p. 15:5-9. | | Overruled<br><br>See discussion in Memorandum | |
| **106.** | There is no indication that the settlement was not entered into in good faith. | RFJN; Ex 29. Memorandum Decision p. 15:5-9. | | Overruled<br><br>See discussion in Memorandum | |
| **107.** | The Court made a finding as part of its approval of the settlement that it was reasonable and in good faith. | RFJN; Ex 29. Memorandum Decision p. 15:5-9. | | Overruled<br><br>See discussion in Memorandum | |
| **108.** | In a mixed cause of action, where it is unclear whether a judgment was based on covered or uncovered claims, the insurer can be liable for the entire judgment. | RFJN; Ex 29. Memorandum Decision p. 15:11-14. | | Overruled<br><br>See discussion in Memorandum | |
| **109.** | When an insurer breaches its duty to defend and the insured proves that at least one claim in a mixed cause of action is covered, the insured does not have to allocate between claims. | RFJN; Ex 29. Memorandum Decision p. 15:14-15. | | Overruled<br><br>See discussion in Memorandum | |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 110. | The Trustee has met his burden showing that at least a portion of the settlement is covered by the Policy. [Memorandum Decision, 15: 24-25] (Emphasis added) | RFJN; Ex 29. Memorandum Decision p. 15:24-25. | | Overruled<br><br>See discussion in Memorandum | |
| 111. | Essex cannot re-litigate the good faith and reasonableness of the settlement as it cannot reach back without violating due process. | RFJN; Ex 29. Memorandum Decision p. 16:22-23. | | Overruled<br><br>See discussion in Memorandum | |
| 112. | The Trustee enjoys a presumption that the entire settlement is included. (Emphasis added) | RFJN; Ex 29. Memorandum Decision p. 16:22-23. | | Overruled<br><br>See discussion in Memorandum | |
| 113. | Mr. Fischer testified:<br><br>Essex's Claim's Manager testified:<br>Q. "Okay. Are there written guidelines and standards for the handling of claims?<br>A. No.<br>Q. There's no procedure manual for–<br>A. No.<br>Q. -- the handling of a claim?<br>A. There is not. | Gabriel Decl., Fischer Depo. Tr: 29:12-18. | Undisputed | Overruled | Allowed as modified |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 114. | Mr. Fischer testified Q. Is there a -- so we're talking about then the custom and practice of the handling of a claim. Do you know why there isn't any standard written policy manual for the handling of a claim? A. No. | Gabriel Declaration, Ex. 10 (Fischer Depo. Tr), at 29-30:22-4 (Docket No. 137)[3] | Undisputed | Overruled | Allowed as modified |
| 115. | Essex's "Claim File" did not contain a certification required by California Insurance Regulations, §2695.6(b)(5) that: (1) claims adjusting manual contains a copy of the regulations and all amendments; and, (2) clear written instructions regarding proper compliance with regulations have been provided to all employees who have involvement in claims handling. | Gabriel Decl., Lukes Depo. Tr: 40-42:16-7 | Disputed | Overruled | Irrelevant  No proof that the lack of such certification shows claims handling was improper |
| 116. | The Trustee's damages are established by the Settlement Agreement and this Court's determination that the Settlement Agreement was entered into in Good Faith. As set forth in the Settlement Agreement, the damages sustained are $4.3 million. | Settlement Agreement, RJFN Ex. 7. | Disputed | | |

[3] The entire transcript of Mr. Fischer's deposition has been filed with the court.

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| 117. | Scottsdale Insurance, the Debtor's D&O carrier ("Scottsdale") paid $475,000 toward the settlement, while the Rothman's paid another $25,000, leaving a balance on the settlement amount of $3.8 million outstanding. | | Undisputed | Admitted | |
| 118. | The Rothman's incurred $ 461,486.64 in attorney fees in the defense and settlement of the Trustee's Action. Of this amount, Scottsdale paid $65,000.00, leaving a balance paid and not reimbursed of $396,486.64. | Declarations of Lawrence Jacobson, Marcy Railsback | Disputed | Sustained | Subject to further supplementation |
| 119. | The total settlement amount of $4.3 million (less $475,000) paid by Scottsdale Insurance plus the net paid by the Rothmans of the defense of the E & O Litigation ($396,486.64) equals $4,221,486.64. | Gabriel Decl. ¶ 25. | Disputed | Sustained | Legal Argument |
| 120. | Under California law a party is entitled to prejudgment interest of 7% per annum from the date the amount is clearly defined. Cal. Civ. Code § 3287. | Evidence: Cal. Civ. Code § 3287. | Disputed | Sustained | Legal Argument |
| 121. | Prejudgment interest on net settlement amount at 7% per annum is $295,504.06 per year. | Evidence: Gabriel Decl. ¶ 25. | Disputed | Sustained | Legal Argument |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **122.** | The Order Authorizing the Trustee to Enter Into and Consummate Settlement Agreement with the Rothman Parties (Ex.5) was entered on January 2, 2014. Two years of interest (from the date of approval of the settlement agreement is $591,008.12. | Evidence: Gabriel Decl. ¶ 25. | Disputed | Sustained | Lack of Support |
| **123.** | Interest continues to accrue at the rate of $820.94 per day from January 2, 2016 to date of entry of order on this Motion. | Evidence: Gabriel Decl. ¶ 25. | Disputed | Sustained | Lack of Support |
| **124.** | As of the filing of this Motion, July 28, 2016, the additional interest accrued from January 2, 2016 is $ 169,914.84 (207 days x $820.94). The total amount of principal and interest due as of July 28, 2016 is thus $4,585,922.94. | Evidence: Gabriel Decl. ¶ 25. | Disputed | Sustained | Lack of Support |
| **125.** | The Trustee had incurred approximately $330,000 in time billings from his counsel and his firm in litigating the coverage aspect of this case, and approximately $4,900.00 in costs. | Evidence: Gabriel Decl. ¶ 25. | Disputed | Sustained | Lack of Support |
| **126.** | Essex is a highly successful and profitable insurance company who made a profit in 2015 off of its premium business in excess of $400 million. | RFJN, Exs. 34-35. | Undisputed | Sustained | Irrelevant |

| Fact # | Statement of Fact | Supporting Evidence | Court's Ruling Disputed / Undisputed | Court's Ruling on Evidentiary Objections | Court's Reasoning |
|---|---|---|---|---|---|
| **127.** | The 2015 year end results for Markel were substantial. As presented to its shareholder in its year-end report: "we earned record underwriting profits of $429.7 million in 2015 compared to $177.6 million in 2014 with a combined ratio for 2015 of 89% compared to 95% for 2014." | RFJN, Exs. 34-35. | Undisputed | Sustained | Irrelevant |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# EXHIBIT B

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**FACTS SUBMITTED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| 1. Essex issued Insurance Agents and Brokers Errors and Omissions Liability Insurance Policy Number AB 3514 00 to C.M. Meiers, Inc. for the June 1, 2011 through June 1, 2012 Policy Period (the "Essex Policy"). | Essex Policy *[Exh. 1 to Essex's Appendix of Exhibits]* Sharp Declaration (Docket No. 13) | Undisputed | | |
| 2. BTJ Insurance Services filed suit against the Rothmans in this Court on or about April 5, 2012 (the "BTJ Complaint") in the action captioned *BTJ Insurance Services, LLC v. Rothman, et al.*, Adv. No. 1:12-ap-01118-MT (the "Rothman Adversary action"). | Complaint Filed by BTJ Insurance Services in Rothman Adversary action *[Docket No. 1 in Rothman Adversary action]* | Undisputed | Overruled | Allow for these purposes |
| 3. Bradley Sharp ("Sharp" or the "Trustee") intervened in the adversary action filed by BTJ Insurance Services on April 19, 2012. | Complaint-in-Intervention, filed in the Rothman Adversary action *[Docket No. 52 in Rothman Adversary action]* | Undisputed | Overruled | Relevant background |
| 4. The Trustee filed his First Amended Complaint In Intervention as part of the Rothman Adversary action (the | Trustee's FAC *[Exh. 2 to Essex's Appendix of Exhibits]* | Undisputed | | |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| "Trustee's FAC") on or about July 12, 2012. | | | | |
| 5. A true and correct copy of the Trustee's FAC is attached as Exhibit 2 to Essex's Appendix of Exhibits. | Trustee's FAC *[Exh. 2 to Essex's Appendix of Exhibits]* | Undisputed | | |
| 6. A true and correct copy of the Response of Bradley D. Sharp Chapter 11 Trustee Estate of C.M. Meiers Company, Inc. to Defendant-in-Intervention Herbert Rothman's First Set of Interrogatories to Plaintiff-in-Intervention Bradley D. Sharp is attached as Exhibit 3 to Essex's Appendix of Exhibits. | Trustee's Responses to Rothman Interrogatories *[Exh. 3 to Essex's Appendix of Exhibits]* Declaration of Daniel Streeter, at ¶ 4. | Undisputed | | |
| 7. The Trustee and the Rothmans reached a settlement agreement totaling $4.3 million plus an assignment of rights under the Policy, and the "cash component" of the settlement was only $500,000 with $475,000 paid by Scottsdale and $25,000 paid by the Rothmans. | Rothman Agreement, at page 6 (Section 3) *[Attached as "Exhibit 1" of Exh. 6 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Agreement speaks for itself |
| 8. A true and correct copy of the Rothman Agreement is | Rothman Agreement *[Attached as* | Undisputed | | |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| "Exhibit 1" of to the Notice of Motion and Motion for Good Faith Settlement Determination, filed in the Rothman Adversary action (Docket No. 318), and attached Exh. 6 of Essex's Appendix of Exhibits. | *"Exhibit 1" of Exh. 6 to Essex's Appendix of Exhibits]* | | | |
| 9.   The Rothman Agreement expressly provided that the settlement involves "a variety of different matters that the Trustee alleges caused CMM and the CMM bankruptcy estate, monetary loss," including: (i) having CMM pay for the rental and then purchase of a residence located in Newport Beach, California; (ii) transferring a life insurance policy from the Debtor to Herbert Rothman; (iii) the repurchase of corporate stock; (iv) failure to properly manage and maintain CMM's premium "Trust Account" in CMM's capacity as both an insurance agent or insurance | Rothman Agreement, at page 2 (Recital I) *[Attached as "Exhibit 1" of Exh. 6 to Essex's Appendix of Exhibits]* | Disputed | Sustained | Characterization is incomplete. Settlement agreement speaks for itself |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| broker for those policies it accepted payment of premiums on; (v) failure to properly maintain corporate books and records; (vi) the transfer of CMM's "house" accounts to Herbert Rothman, individually, (vii) abandonment of their management responsibilities over CMM; and (viii) failing to preserve CMM's assets after it became insolvent | | | | |
| 10. Following an arbitration, CMM was ordered to pay Gensar Saleigh and Capital Financial Services approximately $445,000 as damages, as well as $350,000 in punitive damages, $786,865.58 in attorney fees and costs, and $78,291.88 for Capital's arbitration fees. | Trustee's FAC, ¶ 29 *[Exh. 2 to Essex's Appendix of Exhibits]* Final Award of Arbitrator in Capital arbitration, at 2, 16-20, 27-32 *[Exh. 5 to Essex's Appendix of Exhibits]* August 31, 2015 Testimony of Trustee, at p. 101, ln. 1 to p. 102, ln 1. *[Exh. 7 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant |
| 11. The release conferred by the Rothman | Rothman Agreement, at | Disputed | Overruled | Relevant. Language of |

- 5 -

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| Agreement to the Rothmans includes any purported responsibility for the $1.6 million judgment in the Capital Financial Services arbitration. | page 8 (Agreement 6) *[Attached as "Exhibit 1" of Exh. 6 to Essex's Appendix of Exhibits]* | Subject to further proof | | Release of Claims under Section 6 covers Capitol Financial Services judgment |
| 12. Herbert Rothman gave the following deposition testimony: Q. I mean, directly I'm asking why did C.M. Meiers declare bankruptcy? A. An arbitration award. Q. And this was the award from the arbitration filed by – was it Capitol Financial Services? A. Correct Q. So other than the arbitration award, were there any other reasons to file bankruptcy for C.M. Meiers? A. No. | October 29, 2015 Deposition Testimony of Herbert Rothman, at p. 21, lns. 16-24 – p. 21, lns 2, p. 27, lns. 14-16 *[Exh. 8 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant |
| 13. In deposition testimony the Trustee stated the following: Q. Do you see your sixth claim for relief? A. Yes. Q. Okay. Your sixth claim for relief is for recovery of alleged fraudulent transfers; correct? | August 31, 2015 Testimony of Trustee, at p. 119, ln. 23 to p. 121, ln. 11 *[Exh. 7 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant but not binding or dispositive |

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| A. Correct.<br>Q. Are you seeking coverage from Essex with respect to the subject matter of the sixth claim for relief?<br>A. No.<br>Q. If you would turn to page 28, there's a seventh claim for relief that is also for recovery of fraudulent transfers. Are you seeking recovery from Essex with respect to that claim?<br>A. No.<br>Q. Okay. Let's turn to page 29, if you would please. There's an eighth claim for relief, also for recovery of fraudulent transfers, and my question again is are you seeking recovery from Essex with respect to that claim?<br>A. No.<br>Q. Maybe we can make this a little bit shorter. Your ninth and tenth claims are also for avoidance of fraudulent transfers, and your eleventh claim is for recovery of an avoided transfer. Each of | | | | |

- 7 -

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| those claims is asserted against the Rothmans. Are you seeking recovery from Essex with respect to those claims?<br>A. No.<br>Q. Then the twelfth claim for relief is asserted against Affinity and Mr. Adelman, so may I assume you're not seeking recovery against Essex with respect to that claim?<br>A. Correct.<br>Q. Your thirteenth claim is asserted against the Rothmans and Wen-er, LLC, and it's captioned for Recovery of Property - Resulting Trust. Again, my question is are you seeking recovery against Essex with respect to the thirteenth claim?<br>A. No. | | | | |
| 14. In deposition testimony the Trustee stated the following:<br>Q. If you would please turn to page 14 of Exhibit No. 1, please. The first claim for relief is set forth on page 14 of Exhibit No. 1. It's a | August 31, 2015 Testimony of Trustee, at p. 126, ln. 17 to p. 127, ln. 9<br>*[Exh. 7 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant but not binding or dispositive |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 8 -

29184469V1

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| claim for injunctive relief against all defendants; correct? A. Yes. Q. Since this is a claim for injunctive relief, do you contend that Essex has any indemnity obligation to you with respect to this claim? A. No. Q. Let's turn to the second claim for relief, please. It commences on page 15 of Exhibit No. 1, and it runs to the top of page 20 of Exhibit No. 1. After you've had an opportunity to review this claim, my question to you is the same, whether or not you contend that Essex has an indemnity obligation to you with respect to this claim. A. I don't believe so. | | | | |
| 15. In deposition testimony the Trustee acknowledged that count V of the FAC is asserted against persons not insured under the Essex policy. | August 31, 2015 Testimony of Trustee, at p. 119, lns. 4-18 [*Exh. 7 to Essex's Appendix of Exhibits*] | Disputed, but Court finds it is actually undisputed | Overruled | Relevant but not binding or dispositive |
| 16. In deposition testimony the Trustee stated the following: | August 31, 2015 Testimony of Trustee, at p 131, | Undisputed | Overruled | Relevant but not binding or dispositive |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| Q.  Subpart C is captioned "The Transfer of Accounts Prior to Bankruptcy to Herbert Rothman." It commences on page 22 of Exhibit 1 and runs to line 20 on page 23.  Let me know when you've had a chance to review that, please. A.  I have. Q.  Do you contend that Essex owes you an indemnity obligation with respect to the claims set forth in subpart C of the third claim for relief? A.  I don't believe so. | lns. 5 -14 *[Exh. 7 to Essex's Appendix of Exhibits]* | | | |
| 17. In deposition testimony the Trustee stated the following: Q.  And in the fourth subpart of the third claim for relief is part D, captioned Abandonment of Management Responsibilities, commencing on page 23 and ending at line 16 of page 24.  Please let me know when you've had a chance to review that. A.  I have. Q.  Do you contend that Essex has an | August 31, 2015 Testimony of Trustee, at p. 131, lns. 15 -25 *[Exh. 7 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant but not binding or dispositive |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| indemnity obligation to you with respect to part D of the third claim for relief? A:  I don't believe so | | | | |
| 18.   In deposition testimony the Trustee stated the following: Q.  Let me ask you to turn back, if you would, to Exhibit No. 4.  It's the settlement agreement at tab 3 of your binder.  I'd like to ask you to turn to the second page of that agreement, please.  I asked you some questions earlier this morning or this afternoon concerning the claims in the first amended complaint that you were seeking recovery from against Essex, and I'd like to take you through the same exercise with respect to paragraph I of the settlement agreement. Okay? A.  Okay. Q.  Paragraph I of the settlement agreement delineates eight claims that are settled; correct? A.  Yes. Q.  Okay.  The first claim is having CMM | August 31, 2015 Testimony of Trustee, at, p. 180, ln. 8 to p. 183, ln. 1 *[Exh. 7 to Essex's Appendix of Exhibits]* | Undisputed | | Relevant but not binding or dispositive |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| pay for the rental and purchase of the Newport Beach house; correct? A. Correct. Q. You're not seeking indemnity from Essex with respect to that claim, are you? A. No. Q. The second claim is the transfer of the life insurance policy from CMM to Mr. Rothman; correct? A. Correct. Q. You're not seeking indemnity from Essex with respect to that claim, are you? A. I don't believe so. Q. The third claim is the repurchase of corporate stock, and I take that to be the repurchase from Mr. Kleid; correct? A. Yes. Q. And are you seeking indemnity from Essex with respect to that claim? A. I don't believe so. Q. The fourth claim is the failure to properly manage and maintain the trust account, and I take it you are seeking | | | | |

- 12 -
DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| indemnity with respect to that claim. A. Yes. Q. Okay. The fifth claim is the failure to properly maintain corporate books and records; correct? A. Yes. Q. And if I understood your prior testimony, you are seeking indemnity from Essex with respect to that claim to the extent that it relates to the trust account; is that correct? A. To the extent it relates to the professional services as covered by the E&O policy. Q. The sixth claim relates to the transfer of CMM's house accounts to Mr. Rothman; correct? A. Yes. Q. Are you seeking indemnity from Essex with respect to that claim? A. I don't believe so. Q. Okay. The seventh claim deals with abandonment of management responsibilities, and from your prior | | | | |

- 13 -

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| testimony I understand that to relate to the involvement of Mr. Adelman with the company. A.  That's correct. Q.  And are you seeking indemnity from Essex with respect to that claim? A.  I don't believe so. Q.  And the eighth claim is the failure to preserve CMM's assets after it became insolvent; correct? A.  Yes. Q.  Are you seeking indemnity from Essex with respect to that claim? A.  I don't believe so. | | | | |
| 19.  In connection with the auction sale of CMM's assets to BTJ Insurance Services, an audit of the CMM trust account was performed. | Motion of Chapter 11 Trustee for Approval of Compromise with BTJ Insurance Services LLC; Declaration of Bradley D. Sharp and Jacqueline Benyamini in Support Thereof, filed in the Rothman Adversary action, at ¶ 7 *[Exh. 4 to Essex's Appendix* | Disputed – Court considers it essentially undisputed except as to what term "audit" means in this context | Overruled | Relevant |

- 14 -
DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | *of Exhibits]* | | | |
| 20.  The audit conducted in connection with the auction sale found that from January 2011 through January 2012, CMM had collected and deposited into the premium trust account $1,464,658 in premium payments – but made no payment to any insurer for the policies for which those premiums had been paid. | Motion of Chapter 11 Trustee for Approval of Compromise with BTJ Insurance Services LLC; Declaration of Bradley D. Sharp and Jacqueline Benyamini in Support Thereof, filed in the Rothman Adversary action, at pages 7 -9 *[Exh. 4 to Essex's Appendix of Exhibits]*<br><br>August 31, 2015 Testimony of Trustee, at p. 109 ln. 17 to p. 112, ln. 7 *[Exh. 7 to Essex's Appendix of Exhibits]* | Disputed, but Court finds it is actually undisputed | Overruled | Allow – goes to weight as to what type of audit it was |
| 21.  Sharp's counsel asserted in correspondence that: "It is not simply a matter of receiving money and paying out the same to client or others, without reserves for other contingencies…" and also stated that: "If that was the case, we | September 13, 2013 Letter from Larry Gabriel to Scott Murch, at pg. 4. *[Exh. 27 to Essex's Appendix of Exhibits]* *See* Gabriel Declaration, ¶ 4, (Docket No. 11) | Disputed, but Court finds it is actually undisputed | Overruled | Relevant but not binding or dispositive |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| agree that the trust account would be a ministerial act, which may preclude coverage." (citing *Colony Ins. Co. v. Fladseth*, 2013 WL 136988 (N.D. Cal. 2013)). | | | | |
| 22.   On May 29, 2012, the Rothmans' counsel tendered the complaint to their directors and officers liability insurer, Scottsdale. | June 28, 2012 Correspondence from Darius Kandawalla to Lawrence Jacobsen *[Exh. 13 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Accept as fact. Weight and relevance will be considered. |
| 23.   Scottsdale declined coverage for the Rothman Adversary action by letter dated June 28, 2012. | June 28, 2012 Correspondence from Darius Kandawalla to Lawrence Jacobsen *[Exh. 13 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Accept as fact. Weight and relevance will be considered. |
| 24.   The Rothmans, through their counsel, contested Scottsdale's coverage declination, exchanging correspondence during July and August 2012. | August 14, 2012 Correspondence from Darius Kandawalla to Lawrence Jacobsen. *[Exh. 14 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Accept as fact. Weight and relevance will be considered. |
| 25.   The Rothmans' counsel shared with Sharp's counsel the communications | June 6, 2012 Email from Marcy Railsback to Larry Gabriel, | Undisputed | Overruled | Relevant to collusion claim |

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| exchanged with Scottsdale regarding insurance coverage. | Forwarding June 4, 2014 Email from Scottsdale *[Exh. 12 to Essex's Appendix of Exhibits]* May 1, 2013 Correspondence from Lawrence Jacobsen to Darius Kandawalla (copying counsel for Sharp) *[Exh. 20 to Essex's Appendix of Exhibits]* | | | |
| 26. The Rothmans, through counsel, tendered the Trustee's FAC and the BTJ Complaint to Essex on August 20, 2012. | August 20, 2012 Correspondence from Lawrence Jacobsen to Markel Service, Inc. *[Exh. 15 to Essex's Appendix of Exhibits]* *See* Jacobson Declaration, ¶ 2 (Docket No. 12) | Undisputed | Overruled | Relevant |
| 27. Essex, through its counsel, and after discussion with the Rothmans' counsel, declined the Rothmans' tender on October 4, 2012. | October 4, 2012 Letter from Andrew Waxler to Lawrence Jacobson *[Exh. 17 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶ 4 (Docket No. 76-2) | Undisputed | Overruled | Relevant |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 17 -

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | *[Exh. 29 to Essex's Appendix of Exhibits]* September 11, 2012 Email from Lawrence Jacobson to Stan Shure, Larry Gabriel and David Gould *[Exh. 16 to Essex's Appendix of Exhibits]* | | | |
| 28.  Andrew Waxler October 4, 2012 letter stated: "Should you have any questions concerning the foregoing, or wish to discuss this matter further, please feel free to call me anytime." | October 4, 2012 Letter from Andrew Waxler to Lawrence Jacobson  *[Exh. 17 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant to good faith claims and summary is close enough. |
| 29.  Andrew Waxler's October 4, 2012 letter also advised that the Rothmans had the right to have Essex's coverage determination reviewed by the California Department of Insurance and provided the relevant contact information. | October 4, 2012 Letter from Andrew Waxler to Lawrence Jacobson *[Exh. 17 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant to good faith claims and summary is close enough. |
| 30.  The Rothmans' counsel shared Essex's coverage declination with Sharp's counsel on | October 4, 2012 Email from Lawrence Jacobson to Larry Gabriel | Undisputed | Overruled | Relevant |

- 18 -

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| the same day that he received it. | *[Exh. 18 to Essex's Appendix of Exhibits]* | | | |
| 31. Following the Rothmans' tender to Essex, the Rothmans' counsel shared with Sharp's counsel all communications between Essex and the Rothmans. | September 11, 2012 Email from Lawrence Jacobson to Stan Shure, Larry Gabriel and David Gould *[Exh. 16 to Essex's Appendix of Exhibits]* October 4, 2012 Email from Lawrence Jacobson to Larry Gabriel *[Exh. 18 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant – goes to weight |
| 32. Neither the Rothmans, nor Sharp, responded to the October 4, 2012 denial letter from Essex. | Declaration of Glenn Fischer, ¶ 6 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | Disputed, but Court finds it is actually undisputed | Overruled | Relevant – goes to weight |
| 33. The Rothmans and Sharp began discussing settlement of their dispute as early as October 2012. | October 16, 2012 Email from Larry Gabriel to Larry Jacobson and Bradley Sharp *[Exh. 19 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant – goes to weight |
| 34. Herbert Rothman testified at deposition that he consulted with Jason White of | July 21, 2016 Deposition Testimony of Herbert | Undisputed | Overruled | Rothman's state of mind as to whether he had full |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

29184469V1

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| insurance intermediary, Swett & Crawford, regarding the coverage declinations of both Scottsdale and Essex. | Rothman, at p. 65, ln17 – p. 66, ln 20 *[Exh. 9 to Essex's Appendix of Exhibits]* | | | defense coverage to allow litigation is relevant to why he settled and whether there was any collusion in settlement |
| 35.    Mr. Rothman testified at deposition that he considered Jason White as "my expert in the field of D &O and E & O who I feel is the foremost authority" and that Mr. White advised Mr. Rothman that Scottsdale "owed a duty of defense" under the D & O policy. | July 21, 2016 Deposition Testimony of Herbert Rothman, at p. 62, lns. 19-21, p. 65, ln. 19 *[Exh. 9 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant – goes to weight |
| 36.    Mr. Rothman testified at deposition that, with respect to Essex, Mr. White "wasn't sure if [Mr. Rothman] was entitled to coverage or not." | July 21, 2016 Deposition Testimony of Herbert Rothman, at p. 66, lns. 8-20 *[Exh. 9 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Relevant – goes to weight; Also, not submitted for the truth of the matter asserted |
| 37.    Mr. Rothman testified at deposition that Mr. White "said he didn't believe there was any coverage" with respect to Essex. | July 21, 2016 Deposition Testimony of Herbert Rothman, at p. 68, lns. 17-19 *[Exh. 9 to Essex's Appendix of* | Disputed | Overruled | Relevant – goes to weight |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 20 -

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | *Exhibits]* | | | |
| 38. In May 2013, the Rothmans' counsel provided additional information to Scottsdale regarding the Rothman Adversary action. | May 1, 2013 Correspondence from Lawrence Jacobsen to Darius Kandawalla *[Exh. 20 to Essex's Appendix of Exhibits]* | Undisputed (as to May 2013, Rothmans supplemented information provided to Scottsdale) | Overruled | Accept as fact. Weight and relevance will be considered. |
| 39. In response to the May 2013 correspondence from counsel for the Rothmans, Scottsdale withdrew its coverage declination on July 31, 2013. | July 31, 2013 Correspondence from Darius Kandawalla to Lawrence Jacobsen *[Exh. 22 to Essex's Appendix of Exhibits]* | Undisputed (to the extent that Scottsdale withdrew declination but did so subject to a reservation of rights | Overruled | Relevant to whether any damages was provided and state of mind at settlement |
| 40. In July 2013, Sharp proceeded to set up mediation of the Rothman Adversary action. | July 17, 2013 Email from Larry Gabriel to Reina Navarette of JAMS *[Exh. 21 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Relevant to state of mind at settlement |
| 41. The July 17, 2013 email from Larry Gabriel to Reina Navarette of JAMS states that "The case is a 'D and O' case against C.M. Meiers former owners, directors and officers, Herbert Rothman and his son Eric Rothman." | July 17, 2013 Email from Larry Gabriel to Reina Navarette of JAMS *[Exh. 21 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Relevant to state of mind at settlement |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| 42.  A mediation of the Rothman Adversary action was scheduled for September 13, 2013. | August 16, 2013 Email from Larry Jacobson to Larry Gabriel *[Exh. 23 to Essex's Appendix of Exhibits]* Complaint, ¶ 25 (Docket No. 1) | Undisputed | Overruled | Relevant to state of mind at settlement |
| 43.  Essex was not advised of the September 13, 2013 mediation until September 6, 2013. | September 11, 2013 letter from Larry Gabriel to Andrew Waxler *[Exh. 26 to Essex's Appendix of Exhibits]* September 6, 2013 Email Exchange Between Andy Waxler and Scott Murch. *[Exh. 25 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant to state of mind at settlement |
| 44.  Sharp's counsel directly tendered his claim a second time to an Essex affiliate in late July of 2013 and,  in doing so, however, Sharp's counsel identified an employment practices liability policy as the policy under which tender was made. | February 23, 2016 Deposition Testimony of Emily Lukes, at p. 63, ln. 17 to p. 65, ln.11 *[Exh. 11 to Essex's Appendix of Exhibits]* Email Exchange Among Larry Gabriel, Emily Lukes of Markel and Naomi Chromoy of Brown & Riding | Disputed | Sustained | Immaterial |

- 22 -

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | Insurance Services, Inc. *[Exh. 24 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶ 7 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | | | |
| 45.  Sharp's counsel did not respond, over a period of three weeks, to Essex's repeated efforts to communicate regarding the second tender. | February 23, 2016 Deposition Testimony of Emily Lukes, at p. 63, ln. 17 to p. 65, ln.11 *[Exh. 11 to Essex's Appendix of Exhibits]* Email Exchange Among Larry Gabriel, Emily Lukes of Markel and Naomi Chromoy of Brown & Riding Insurance Services, Inc. *[Exh. 24 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶ 7 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Relevant as to whether good faith in denial of coverage |
| 46.  When Essex was | February 23, | Disputed | Overruled | Relevant as to |

- 23 -

29184469V1

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| unable to contact Sharp's counsel regarding the second tender, Essex contacted CMM's broker for assistance. | 2016 Deposition Testimony of Emily Lukes, at p. 63, ln. 17 to p. 65, ln.11 *[Exh. 11 to Essex's Appendix of Exhibits]* Email Exchange Among Larry Gabriel, Emily Lukes of Markel and Naomi Chromoy of Brown & Riding Insurance Services, Inc. *[Exh. 24 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶ 7 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | | | whether good faith in denial of coverage |
| 47. CMM's broker was able to secure a return call from Sharp's counsel on August 23, 2013, in which it was clarified that the tender did not involve employment practices. | February 23, 2016 Deposition Testimony of Emily Lukes, at p. 63, ln. 17 to p. 65, ln.11 *[Exh. 11 to Essex's Appendix of Exhibits]* Email Exchange Among Larry Gabriel, Emily Lukes of Markel and Naomi | Disputed | Overruled | Relevant as to whether good faith in denial of coverage |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | Chromoy of Brown & Riding Insurance Services, Inc. *[Exh. 24 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶ 7 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | | | |
| 48.    Sharp's counsel did not mention the already-scheduled mediation in this August 23, 2013 call with Essex. | Email Exchange Among Larry Gabriel, Emily Lukes of Markel and Naomi Chromoy of Brown & Riding Insurance Services, Inc. *[Exh. 24 to Essex's Appendix of Exhibits]* September 6, 2013 Email Exchange Between Andy Waxler and Scott Murch *[Exh.25 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶ 7 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix* | Disputed | Sustained | No personal knowledge of phone call |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | *of Exhibits]* | | | |
| 49.  Sharp's counsel provided information that ultimately enabled Essex to determine that the tender was the same matter first tendered in mid-2012. | February 23, 2016 Deposition Testimony of Emily Lukes, at p. 63, ln. 17 to p. 65, ln.11 *[Exh. 11 to Essex's Appendix of Exhibits]* Email Exchange Among Larry Gabriel, Emily Lukes of Markel and Naomi Chromoy of Brown & Riding Insurance Services, Inc. *[Exh. 24 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶ 7 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Relevant to claims processing |
| 50.  Once Essex determined that Sharp's tender was referring to the same claim for which Essex had denied coverage in 2012, Essex referred the matter to the same counsel that had assisted Essex in its initial coverage evaluation. | February 23, 2016 Deposition Testimony of Emily Lukes, at p. 63, ln. 17 to p. 65, ln.11 *[Exh. 11 to Essex's Appendix of Exhibits]* October 30, 2013 Correspondence from Andy | Undisputed | | |

- 26 -
DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | Waxler to Larry Gabriel *[Exh. 28 to Essex's Appendix of Exhibits]* | | | |
| 51.  After review of the additional information provided, Essex's counsel reiterated Essex's coverage declination. | October 30, 2013 Correspondence from Andy Waxler to Larry Gabriel *[Exh. 28 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Goes to weight; also Waxler never admitted that he did not review the additional information in the October 30, 2013 letter to Gabriel |
| 52.  Sharp settled with the Rothmans and Scottsdale at the September 13, 2103 mediation. | Complaint, ¶ 25 (Docket No. 1) Rothman Agreement, at page 6 (Section 3). *[Attached as "Exhibit 1" of Exh. 6 to Essex's Appendix of Exhibits]* | Undisputed | Overruled | Relevant to good faith |
| 53.  Mr. Rothman gave the following testimony at deposition: Q. And what was agreed to at the mediation? A. The 500,000 -- 475 for defense costs by Scottsdale. 25,000, by us.  That we would cooperate with the trustee in all matters we could. That he was to | October 29, 2015 Deposition Testimony of Herbert Rothman, at p. 39, lns. 9-21 *[Exh. 8 to Essex's Appendix of Exhibits]* | Undisputed (as to whether Mr. Rothman gave the testimony); Disputed (as to whether Mr. Rothman was correct in his memory of events) | Overruled | Part of the entire testimony goes to completeness; "I guess" goes to weight. |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| reimburse counsel for any fees that were incurred.  That he would not sue us and we would not sue him.<br>Q. Was there an agreement as to that 4.3 million dollar number at the mediation?<br>A. No.<br>Q. When did that number -- when did you become aware of that 4.3 million dollar number?<br>A. I guess when Mr. Gabriel typed it up and sent it over to our counsel. | | | | |
| 54.    Essex initially assigned the CMM matter to claim examiner, Cathy Daly. | Declaration of Glenn Fischer, ¶ 3 (Docket No. 76-2)<br>*[Exh. 29 to Essex's Appendix of Exhibits]* | Undisputed | | |
| 55.    Ms. Daly reviewed the tendered materials, discussed them with her supervisor, and retained counsel, Andrew Waxler, to assist in her evaluation. | Declaration of Glenn Fischer, ¶¶ 3-5 (Docket No. 76-2)<br>*[Exh. 29 to Essex's Appendix of Exhibits]* | Court finds undisputed | Overruled | Sufficient foundation laid |
| 56.    Following the initial tender to Essex, Andy Waxler and his colleagues | September 11, 2012 Email from Lawrence Jacobson to Stan | Undisputed | | Sufficient foundation laid in email correspondenc |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| communicated with the Rothmans' counsel. | Shure, Larry Gabriel and David Gould *[Exh. 16 to Essex's Appendix of Exhibits]* Declaration of Lawrence Jacobson, ¶ 3 (Docket No. 12) | | | e |
| 57. Following the renewed tender to Essex by counsel for Sharp, Essex assigned claims examiner Emily Lukes to the matter. | Declaration of Glenn Fischer, ¶ 8 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | Disputed (as to whether there was a "second tender") | Initially sustained; overruled if "second tender" is restated as renewed tender | Fischer's Declaration is only regarding Essex's response to Gabriel's message, but does not concern it as a "second tender"; acceptable if "second tender" is restated as renewed tender |
| 58. During a September 6 telephone call with Essex's counsel, Sharp's counsel agreed to provide a substantive response to the coverage assessment that Essex had issued some 11 months earlier, but did not do so until September 11, less than 48 hours before the mediation. | September 6, 2013 Email Exchange Between Andy Waxler and Scott Murch. [Exh. 25 to Essex's Appendix of Exhibits] September 11, 2013 letter from Larry Gabriel to Andrew Waxler *[Exh. 26 to* | Undisputed | | |

- 29 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | *Essex's Appendix of Exhibits]* | | | |
| 59.  Through his counsel, Sharp demanded that Essex participate in the September 13, 2013 mediation. | September 11, 2013 letter from Larry Gabriel to Andrew Waxler *[Exh. 26 to Essex's Appendix of Exhibits]* | Disputed | Overruled | The letter shows that Larry Gabriel "urged" Essex's attendance. For the purpose of Trustee's notice, this characterization is sufficiently similar |
| 60.  Following the renewed tender to Essex by counsel for Sharp, Essex again consulted with counsel, who reviewed the authorities cited in Sharp's demand letter. | Declaration of Glenn Fischer, ¶¶ 10, 11 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* October 30, 2013 Correspondence from Andy Waxler to Larry Gabriel *[Exh. 28 to Essex's Appendix of Exhibits]* | Disputed as to "second tender" | Initially sustained; overruled if "second tender" is restated as renewed tender | Fischer's Declaration is only regarding Essex's response to Gabriel's message, but does not concern it as a "second tender"; acceptable if "second tender" is restated as renewed tender |
| 61.  After careful review of all materials that had been made available to it, Essex, through counsel, verbally reiterated its coverage declination. | Declaration of Glenn Fischer, ¶ 11 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* September 13, 2013 letter from | Disputed | Overruled | Trustee's objection only concerns Fischer's testimony but the declaration supports the fact that Essex reviewed the |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | Larry Gabriel to Scott Murch *[Exh. 27 to Essex's Appendix of Exhibits]* | | | information and decided to decline coverage. |
| 62.  Essex's counsel followed up with a written response that addressed the issues raised in Sharp's demand. | October 30, 2013 Correspondence from Andy Waxler to Larry Gabriel *[Exh. 28 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Proper foundation laid. |
| 63.  Each tender regarding the Rothman Adversary action was reviewed promptly by a claim examiner who discussed her analysis with her supervisor when the claim was "roundtabled." | June 11, 2015 Deposition Testimony of Glenn Fischer, at p. 72, ln. 24 to p. 74, ln. 21 *[Exh. 10 to Essex's Appendix of Exhibits]* Declaration of Glenn Fischer, ¶¶ 3, 4, 9, 10 (Docket No. 76-2) *[Exh. 29 to Essex's Appendix of Exhibits]* | Disputed | Overruled | Proper foundation laid. |
| 64.  Given the possibility that the pendency of bankruptcy proceedings might affect the analysis, counsel was consulted. | June 11, 2015 Deposition Testimony of Glenn Fischer, at p. 76, lns. 7 to 22 *[Exh. 10 to Essex's Appendix of Exhibits]* | Disputed | | |
| 65.  When Sharp's counsel proffered an out-of-state precedent in | September 13, 2013 letter from Larry Gabriel to | Undisputed | Overruled | Utica is accurately characterized |

- 31 -

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/ Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| support of his argument for coverage, the claim examiner had the applicability of that precedent evaluated by counsel. | Scott Murch *[Exh. 27 to Essex's Appendix of Exhibits]* October 30, 2013 Correspondence from Andy Waxler to Larry Gabriel *[Exh. 28 to Essex's Appendix of Exhibits]* | | | as an out-of-state case. Also, the act of engaging counsel is relevant to good faith |
| 66. Essex relied on applicable California authority to deny coverage for the underlying action. | October 4, 2012 Letter from Andrew Waxler to Lawrence Jacobson *[Exh. 17 to Essex's Appendix of Exhibits]* October 30, 2013 Correspondence from Andy Waxler to Larry Gabriel *[Exh. 28 to Essex's Appendix of Exhibits]* | Undisputed | | |
| 67. Both the rental and the mortgage payments for the Rothmans' Newport Beach home are reflected in CMM's general ledger. | Declaration of Eric Held, ¶¶ 3-5 *[Dkt. No. 58 in Rothman Adversary action]* | Undisputed | Overruled | Relevant to possibility of allocation |

## ADDITIONAL MATERIAL FACTS WARRANTING DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket No. 152, pgs 68-70)

Essex notes that the Trustee did not submit any responses to these additional facts, offered by Essex in opposition to the Trustee's Motion for Summary Judgment, found at Docket No. 152,

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

1   at pgs. 68-70. Essex understands that these facts are deemed admitted under LBR 7056-1(f).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 33 -

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| 1. A true and correct copy of Response of Bradley D. Sharp Chapter 11 Trustee Estate of C.M. Meiers Company, Inc. to Defendants Jason Adelman and Affinity Global Insurance Services' Corrected Corrected First Set of Interrogatories to Plaintiff-in-Intervention Bradley D. Sharp ("Trustee's Responses to Adelman Interrogatories") is attached as Exhibit A to the Declaration of Daniel Streeter ("Streeter Opposition Dec.) | Trustee's Responses to Adelman Interrogatories *[Exh. A to Streeter Opposition Dec.]* Streeter Opposition Dec, at ¶ 3. | Undisputed | | |
| 2. Following the filing of the Trustee's lawsuit against Essex, Mr. Fischer's unit closed its file on the matter, with a March 26, 2014 note entry stating: "Claimants have filed a bad faith suit.  As such, we are closing our file." | Essex's Claims File Note Report, entry dated March 26, 2014 *[Exh. B to Streeter Opposition Declaration]* Streeter Opposition Dec. at ¶ 7. | Undisputed | | |
| 3. The Trustee has | Trustee's | Undisputed | | |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| admitted that CMM was insolvent as of January 1, 2011. | Amended and Modified Response to Essex's Requests For Admissions, No. 13. *[Exh. I to Streeter Opposition Declaration]* Streeter Opposition Dec., at ¶ 11. | | | |
| 4. The Trustee has testified at deposition that C.M. Meiers trust account shortfall was first discovered in November 2011. | Testimony of Bradley Sharp, (vol. II), p. 177, lns. 7-24 *[Exh. J to Streeter Opposition Declaration]* Streeter Opposition Dec., at ¶ 10. | Undisputed | | |
| 5. A true and correct copy of the Declaration of Eric Held in Support of Trustee's Joinder in Issuance of Preliminary Injunction ("Held Declaration"), is attached as Exhibit J to the Streeter Opposition Declaration. | Held Declaration *[Exh. J to Streeter Opposition Declaration]* Streeter Opposition Dec. at ¶ 12. Essex's Request for Judicial Notice, ¶ 7 (Dkt. 135-4) | Undisputed | | |
| 6. Herbert Rothman has over forty years' experience in the insurance | Testimony of Herbert Rothman, at p. 6, ln. 10 to p. 7 ln. 13 | Undisputed | | |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| business and was also a member of the California Bar. | *[Exh. C to Streeter Opposition Declaration]* Streeter Opposition Dec. at ¶ 5. | | | |
| 7. As of 2012, Eric Rothman had been in the insurance business for 10 years. | Omnibus Declaration of Eric Rothman in Support of Debtor's Emergency Motions, filed in C.M. Meiers bankruptcy case no. 1:12-bk-10229-MT, at page 2, ¶¶ 2-3 (Docket No. 11) *[Attached as Exhibit 9 to the Trustee's Request for Judicial Notice (Docket No. 143)]* | Undisputed | | |
| 8. At deposition, Herbert Rothman testified that he was "sure" that he discussed Essex's coverage determination with his counsel. | Testimony of Herbert Rothman, at p. 62, lns. 3-24 *[Exh. C to Streeter Opposition Declaration]* Streeter Opposition Dec. at ¶ 5. | Undisputed | | |
| 9. As of 2012 Glenn Fischer had nearly twenty years experience in the insurance industry. | Glenn Fischer Testimony at p. 10, ln. 10 – pg. 11, ln. 21 *[Exh. D to* | Undisputed | | |

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

- 36 -
DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| Defendant's Uncontroverted Facts | Evidentiary Support for Facts | Court's Ruling on Whether Fact is Disputed/Undisputed | Court's Ruling on Evidentiary Objections | Court's Reason |
|---|---|---|---|---|
| | *Streeter Opposition Declaration]* Streeter Opposition Dec. at ¶ 6. | | | |
| 10. After conducting their analysis, Glenn Fischer and Cathy Daly agreed that the Trustee's claims did not invoke the Essex policy. | Glenn Fischer Testimony at pg. 42, lns. 5-21 *[Exh. D to Streeter Opposition Declaration]* Streeter Opposition Dec. at ¶ 6. | Undisputed | | |
| 11. At deposition, Herbert Rothman stated "Again, once I referred this to my counsel, my counsel would handle anything." | Testimony of Herbert Rothman, at p . 63, lns. 1-13 *[Exh. C to Streeter Opposition Declaration]* Streeter Opposition Dec. at ¶ 5. | Undisputed | | |

DEFENDANT'S SUBMISSION OF UNDISPUTED FACTS

29184469V1